1
2
3
4
5
6
7
8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JOHN NGUYEN,                          No. 2:12-CV-0493-KJM-CMK-P

12               Petitioner,

13          vs.                            <u>FINDINGS AND RECOMMENDATIONS</u>

14   RICK HILL,

15               Respondent.

16   _____/

17               Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2009.   Pending

19   before the court is respondent's motion to dismiss (Doc. 12).  In his motion, respondent argued

20   that the petition must be dismissed because:  (1) it is untimely; and (2) even if found to be timely,

21   the claims are not cognizable under § 2254.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

1

## I. RELEVANT PROCEDURAL BACKGROUND

Petitioner was denied parole on October 13, 2009.  On March 25, 2010, he filed a habeas petition in the California Superior Court challenging the denial of parole.  That petition was denied on June 4, 2010.  Petitioner then filed a petition in the California Court of Appeal on August 12, 2010, which was denied on August 19, 2010.  Finally, petitioner filed a petition with the California Supreme Court on October 8, 2010, which was denied on April 27, 2011.[1]  The instant federal petition was signed on February 21, 2012, and filed with this court on February 24, 2012.

In his federal petition, petitioner claims: (1) the decision denying parole is not supported by sufficient evidence of his current danger to society; (2) the denial of parole resulted in an "illegal sentence of life without the possibility of parole"; and (3) The application of Marsy's Law violates the ex post facto clause.

## II. DISCUSSION

### A.   Timeliness of the Petition

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

/ / /

---

[1]   Respondent incorrectly states that the California Supreme Court's decision was issued on April 11, 2011.

1    The statute of limitations for habeas petitions challenging the denial of parole is

2 based on § 2244(d)(1)(D), that is, the date on which the factual predicate of the claim or claims

3 could have been discovered through the exercise of due diligence.  See Shelby v. Bartlett, 391

4 F.3d 1061, 1062 (9th Cir. 2004), Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003).  In

5 habeas proceedings challenging an administrative decision, courts within the Ninth Circuit,

6 relying on the opinions in Shelby and Redd, have determined that discovery of the factual

7 predicate cannot occur until the administrative decision is final.  See Shelby, 391 F.3d at 1065-

8 66; Redd, 343 F.3d at 1084-85; Tafoya v. Subia, 2:07cv2389, 2010 WL 668920 *2-3 (E.D. Cal.

9 Feb. 23, 2010); Webb v. Curry, 2010 WL 235073 (N.D. Cal. Jan. 21, 2010); Van Houten v.

10 Davidson, 2009 WL 811596 (C.D. Cal. March 26, 2009); Wilson v. Sisto, 2008 WL 4218487

11 (E.D. Cal. Sept. 5, 2008) (citing Nelson v. Clark, 2008 WL 2509509 (E.D. Cal. June 23, 2008));

12 see also Cal. Code Regs., tit. 15, § 2041(h), Cal. Penal Code § 3041(b) (Board decisions are final

13 120 days after the hearing).

14    The limitations period is tolled, however, for the time a properly filed application

15 for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be

16 "properly filed," the application must be authorized by, and in compliance with, state law.  See

17 Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v.

18 DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a

19 state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions

20 and the failure to comply with those time limits precludes a finding that the state petition is

21 properly filed).  A state court application for post-conviction relief is "pending"during all the

22 time the petitioner is attempting, through proper use of state court procedures, to present his

23 claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered

24 "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

25 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari

26 petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between

3

1   state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,

2   536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as

3   untimely, the federal court must independently determine whether there was undue delay.  See id.

4   at 226-27.

5          Applying these standards to the instant case, the one-year limitations period began

6   to run the day after the denial of parole became final.  Here, the decision denying parole became

7   final 120 days after the denial of parole on October 13, 2009, or on February 10, 2010.  Thus, the

8   limitations period began to run the following day – February 11, 2010.  The court does not agree

9   with respondent's contention that the limitations period began the day after the denial of parole

10  on October 13, 2009.  Respondent ignores Shelby which holds that the factual predicate of the

11  claim cannot be known with certainty until the decision denying parole becomes final, and

12  California Penal Code § 3041(b) which sates that decisions denying parole become final 120

13  days after the hearing.

14         By the time petitioner filed his first state court petition in the California Superior

15  Court on March 25, 2010, 42 days had elapsed since the commencement of the one-year

16  limitations period.[2]  Turning to the issue of tolling, the first state court petition was denied on

17  June 4, 2010, and the second petition was filed on August 12, 2010 – 69 days later.   The second

18  petition was denied on August 19, 2010, and the third petition filed on October 8, 2010 – 50 days

19  later.  Respondent contends the 69-day delay between the first and second state court petitions

20  was unreasonable and, for this reason, petitioner is not entitled to interval tolling for this period

21  of time.[3]  In response, petitioner simply states that he was "diligently pursuing an accepted

22  collateral process in the State Court," he does not specify what he did and when to pursue his

23

24         [2]    Because the court does not accept respondent's starting date for the limitations
    period, the court also rejects respondent's calculation of 162 days as the time between the date
    the limitations period began to run and the date the first state habeas petition was filed.

25

26         [3]    Respondent does not challenge the 50-day interval between the second and third
    petitions.

1   rights.  The court agrees with respondent that the 69-day delay was unreasonable and, therefore,

2   does not toll the limitations period.  See Livermore v. Watson, 556 F. Supp. 2d 1112, 1119-20

3   (E.D. Cal. 2008) (concluding that 76-day delay was unreasonable).

4          Following the denial of his final state court habeas case on April 27, 2011,

5   petitioner waited 300 days before signing his federal habeas petition.  Adding this time to the

6   unreasonable 69-day delay and the 42 days between the date the denial of parole became final

7   and the date the first state court petition was filed, a total of 411 days of non-tolled time passed,

8   exceeding the one-year limitations period.

9          Petitioner's petition is untimely and should be dismissed for this reason alone.

10          **B.    Cognizability of the Claims**

11          Respondent also argues that, even if the petitioner was timely, the claims are not

12   cognizable.   A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a

13   transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083,

14   1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not

15   available for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at

16   1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786

17   F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.

18   See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

19          1.    Due Process Claim

20          Petitioner challenges the denial of parole arguing that the decision is not based on

21   "some evidence" of his current dangerousness, in violation of state law and his federal due

22   process rights.  This argument has been foreclosed.  Reversing the Ninth Circuit's decision in

23   Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the United States Supreme Court

24   recently observed:

           Whatever liberty interest exists [in parole] is, of course, a *state*
25         interest.  There is no right under the Federal Constitution to be
           conditionally released [on parole] before the expiration of a valid sentence,
26

and the States are under no duty to offer parole to their prisoners.  Id. at 7.
When, however, a State creates a liberty interest, the Due Process Clause
requires fair procedures for its vindication – and federal courts will review
the application of those constitutionally required procedures. . . .

Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (2011) (per curiam) (citing
Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 7
(1979)) (emphasis in original).

The Court held:

> . . . In the context of parole, we have held that the procedures
> required are minimal.  In Greenholtz, we found that a prisoner subject to a
> parole statute similar to California's received adequate process when he
> was allowed an opportunity to be heard and was provided a statement of
> the reasons why parole was denied. 442 U.S. at 16.  "The Constitution,"
> we held, "does not require more."  Ibid.  Cooke and Clay received at least
> this amount of process: They were allowed to speak at their parole
> hearings and to contest the evidence against them, were afforded access to
> their records in advance, and were notified as to the reasons why parole
> was denied.  (citations omitted).
> That should have been the beginning and the end of the federal
> habeas courts' inquiry into whether Cook and Clay received due
> process. . . .

Id.

The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule

into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's

'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

correctly applied" because "a 'mere error of state law' is not a denial of due process."  Id. at 862-

63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial

of parole, the only issue subject to federal habeas review is whether the inmate received the

procedural due process protections of notice and an opportunity to be heard.  There is no other

clearly established federal constitutional right in the context of parole.

In this case, petitioner claims that his federal due process rights were violated

because the denial of parole was not based on "some evidence."  As discussed above, it is not the

place of the federal court to rule on how California's "some evidence" parole standard has been

applied except to inquire as to the basic procedural guarantees.  To the extent petitioner claims

1    that he was denied procedural protections required by the federal constitution, the record clearly

2    establishes that petitioner was provided with the basic <u>Greenholtz</u> protections of notice and an

3    opportunity to be heard.  Because the federal constitution requires nothing more in the parole

4    context, the petition must be denied.

5                           2.        <u>Eighth Amendment Claim</u>

6                 Petitioner argues that the denial of parole effectively results in a sentence of life

7    without the possibility of parole and that such a sentence violated the Eighth Amendment's

8    prohibition of cruel and unusual punishment.  First, this argument is logically flawed in that

9    petitioner will be eligible for parole again in the future.  Second, the argument is flawed as a

10   matter of law because even a sentence of life without parole does not offend the Eighth

11   Amendment.  <u>See</u> <u>Rummel v. Estelle</u>, 445 U.S. 263, 265-66 (1980) (concluding that the length of

12   a sentence is purely a matter of state law).  Third, federal habeas relief is not available because

13   there is no clearly established Supreme Court precedent.  <u>See</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63,

14   72 (2003).

15                          3.        <u>Ex Post Facto Claim</u>

16                 Petitioner's argument that the application of Marsy's Law to his case, which

17   extends the time between parole hearings, violates the ex post facto clause by imposing

18   restrictions which did not exist when his crime was committed.  While the court does not agree

19   with respondent that such a claim is not cognizable on federal habeas review, the court does

20   agree that no relief is available as a matter of law.  As respondent correctly notes, there is no

21   clearly established Supreme Court precedent holding that Marsy's law, or a similar law, violated

22   the ex post facto clause.  Under § 2254(d)(1), federal habeas relief is available only where the

23   state court's decision is "contrary to" or represents an "unreasonable application of" clearly

24   established law.  Under both standards, "clearly established law" means those holdings of the

25   United States Supreme Court as of the time of the relevant state court decision.  <u>See</u> <u>Carey v.</u>

26   <u>Musladin</u>, 549 U.S. 70, 74 (2006).  Given the lack of Supreme Court precedent, relief is

1  unavailable and the ex post facto claim should be summarily dismissed.  See Rule 4 of the

2  Federal Rules Governing Section 2254 Cases.[4]

3

4                                              III.  CONCLUSION

5          As discussed above, the court finds that the petition is untimely and should be

6  dismissed for this reason.  As a sufficient and independent reason for dismissal, the court finds

7  that petitioner's claims are either not cognizable or plainly meritless.

8          Based on the foregoing, the undersigned recommends that respondent's motion to

9  dismiss (Doc. 12) be granted.

10         These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court.  Responses to objections shall be filed within 14 days after service of

14  objections.  Failure to file objections within the specified time may waive the right to appeal.

15  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17    DATED:  January 24, 2013

18                                                  _____

19                                                  CRAIG M. KELLISON
                                                    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25        [4]        The court also notes, as does respondent, that petitioner's ex post facto claim is
    preserved because he is a member of the class of prisoners litigating the issue in Gilman v.
26  Brown, 2:05-CV-0830-LKK-GGH.