UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN NGUYEN, | No.: 2:12-CV-0493-KJM-CMK-P |
| Petitioner, | |
| v. | ORDER |
| RICK HILL, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, petitions for a writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On January 25, 2013, the magistrate judge filed findings and recommendations, which were served on the parties and contained notice that any objections thereto were to be filed within fourteen days. ECF No. 19. Petitioner failed to timely file objections, and final judgment was entered on March 29, 2013. ECF No. 21. On petitioner's Rule 60(b) motion, ECF No. 22, the court vacated the judgment and permitted petitioner to file objections, ECF No. 25. He timely did so on June 14, 2013. ECF No. 28.

/////

/////

/////

1

1    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304,
2 this court has conducted a *de novo* review of this case.  Having carefully reviewed the file, the
3 court finds the findings and recommendations to be supported by the record and by the proper
4 analysis in all but one respect.

5    The magistrate judge correctly states the standard governing the tolling provision
6 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"): tolling occurs where "a
7 properly filed application for State post-conviction or other collateral review with respect to the
8 pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), unless "the . . . petition is not
9 timely filed," *Carey v. Saffold*, 536 U.S. 214, 225 (2002).  For purposes here, a petition is timely
10 "if [it is] filed within a 'reasonable time'" following a statutorily dictated 120-day period after
11 denial of parole.  *See Stewart v. Cate*, 734 F.3d 995, 1000 (9th Cir. 2013) (quoting *Evans v.*
12 *Charvis*, 546 U.S. 189, 198 (2006) (Stevens, J., concurring)); CAL. PENAL CODE § 3041(b).

13    "California courts have given scant guidance as to what the State considers a
14 'reasonable' length of time to file an application for review."  *Id.* at 1001 (citation and internal
15 quotation marks omitted).  "In the absence of [such guidance] . . . or . . . clear indication that a
16 particular request for appellate review was timely or untimely, the [court] itself must examine the
17 delay in each case and determine what the state courts would have held in respect to timeliness."
18 *Evans*, 536 U.S. at 199.  California's "general rather than precise" timeliness standard "may make
19 it more difficult for federal courts to determine just when a review application . . . comes too
20 late," *id.* at 193, but the U.S. Supreme Court has "instructed federal courts to apply a thirty-to-
21 sixty-day benchmark," *Stewart*, 734 F.3d at 1001 (citing *Evans*, 546 U.S. at 201).  Where "filing
22 delays [are] substantially longer than the '30 to 60 days,'" they are unreasonable.  *Chaffer v.*
23 *Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (quoting *Evans*, 546 U.S. at 201).

24    Although accepting this standard, the court disagrees with the magistrate judge's
25 conclusion that petitioner's sixty-nine day delay between the state trial court's denial of his
26 petition and his appeal to the California Court of Appeal is unreasonable.  The Supreme Court's
27 instruction is illuminating.  In describing California's reasonableness requirement as a "general
28 rather than precise" standard that renders a federal court's task "more difficult," *Evans*, 536 U.S.

2

1  at 193, the Court recognizes the malleability in requiring that an unreasonable delay be
2  "substantially longer" — although undefined — than one of sixty days. *Id.* at 201.  In light of
3  petitioner's *pro se* status and the fact that the delay extended only nine days beyond an
4  indisputably acceptable sixty, the court does not find the delay to be so substantially long as to be
5  unreasonable.  The petition is timely.
6        Nonetheless, the court agrees with the magistrate judge's remaining findings and
7  recommendations regarding dismissal on cognizability grounds, and adopts on these grounds.
8  The court also agrees that though petitioner's *ex post facto* claim is cognizable on federal habeas
9  review, no relief is available because the state court decision is not "contrary to, or involve[] an
10  unreasonable application of, clearly established Federal law, as determined by the Supreme Court
11  of the United States . . . ." 28 U.S.C. § 2254(d)(1).
12        Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 Cases, the
13  court has considered whether to issue a certificate of appealability.  Before petitioner can appeal
14  this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c); Fed. R. App. P.
15  22(b).  Where the petition is denied on the merits, a certificate of appealability may issue "only if
16  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §
17  2253( c )(2).  The court must either issue a certificate of appealability indicating which issues
18  satisfy the required showing or must state the reasons why such a certificate should not issue.  See
19  Fed. R. App. P. 22(b).  Where the petition is dismissed on procedural grounds, a certificate of
20  appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it
21  debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of
22  reason would find it debatable whether the petition states a valid claim of the denial of a
23  constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v.
24  McDaniel, 529 U.S. 473, 120 S.Ct. 1595, 1604 (2000)).  For the reasons set forth in the
25  magistrate judge's findings and recommendations, the court finds that issuance of a certificate of
26  appealability is not warranted in this case.
27  /////
28  /////

3

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 25, 2013 are ADOPTED, except as to the timeliness analysis;
2. Respondent's motion to dismiss, ECF No. 12, is GRANTED;
3. A certificate of appealability is DENIED; and
4. The Clerk of the Court is directed to enter judgment and close the case.

DATED: March 31, 2014.

_____
UNITED STATES DISTRICT JUDGE